### MERCK v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 4, 1906.)

#### No. 75 (3,556).

1. CUSTOMS DUTIES—CLASSIFICATION—POWDERED OPIUM—DRUG ADVANCED.

Powdered opium is not dutiable under Tariff Act July 24, 1897. c. 11, § 1, Schedule A, par. 43, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], as "opium, crude or unmanufactured," but, under paragraph 20, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], as a drug advanced in value or condition.

2. SAME—"CRUDE"—"UNMANUFACTURED."

Powdered opium prepared by a series of processes from gum opium, which result in a more valuable article, having a new use and a new commercial signification, held not to be opium "crude or unmanufactured," within the meaning of a tariff act.

Appeal from the Circuit Court of the United States for the Southern District of New York.

For decision below, see 143 Fed. 694, affirming a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of New York.

Comstock & Washburn (Albert H. Washburn, of counsel; Charles A. Darius, on the brief), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The controversy in this case is whether certain importations of powdered opium should have been classified for duty under paragraph 20 of the Tariff Act of July 24, 1897, c. 11, § 1,

Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], or whether they were subject to duty under paragraph 43 of that act (30 Stat. 1629 [U. S. Comp. St. 1901, p. 1679]).

Paragraph 20 prescribes a duty of one-fourth of one cent per pound, and in addition thereto 10 per cent. ad valorem, on "drugs, such as * * * bulbs, bulbous roots, * * * gums * * *; any of the foregoing which are drugs and not edible, but which are advanced in value or condition by refining, grinding, or other process, and not specially provided for in this act."

Paragraph 43 prescribes a duty of $1 per pound on "opium, crude or unmanufactured, and not adulterated, containing nine per centum and over of morphine."

It clearly appears by the testimony in the record that opium in the crudest form in which it is commonly imported into this country is known as "gum opium" and comes in lump form. It contains various impurities, such as stones, seeds, ashes, etc., and is of varying alkaloidal strength. It also clearly appears that powdered opium is prepared from gum opium by subjecting the latter to artificial heat at a temperature regulated so as to avoid any destruction of the alkaloids present, and maintained until the water has been dried out; then comminuting and sifting it; and then, after assaying it to ascertain its morphine strength, by adding sufficient morphine so that it will conform to the standard of the United States Pharmacopœia. The two articles are dealt in as distinctive articles, and are commercially known, one as "gum opium" and the other as "powdered opium"; and the latter commands a price from 25 to 50 per cent. higher than the former. If there is any other article except the powdered opium which is known among dealers as "manufactured opium," the evidence fails to disclose the fact. It is used for purposes to which the gum opium is not adapted, viz., the preparation of all the standard opium galenicals.

We think it is plain that the importations were not crude opium in the sense in which it is to be assumed that Congress used the term. Nor do we think that they can be fairly deemed "unmanufactured opium" within the meaning of Congress. They have undergone a process which has destroyed the identity of the original article, and produced another and more valuable article, new in its use, and new in its commercial signification. If it had been intended to subject the powdered opium to duty, that purpose could have been readily accomplished by placing the duty upon opium merely. It may be conceded that no reason is apparent why Congress should have intended to exempt powdered opium from duty while laying a duty upon the crude or unmanufactured article; but the courts can only ascertain the legislative intention by the language used, and it is not their duty by a distorted construction to attempt to cover an article which may have been omitted by inadvertence. Under the Tariff Acts of 1890 and 1894 "opium, crude or unmanufactured, and not adulterated, and containing nine per centum and over of morphia," was free of duty. While this provision was in force, powdered opium was uniformly classified by the customs officers at New York as subject to duty as a gum advanced in value, etc. The article answered that description then, and answers it now equally well. We

conclude that the importations should have been classified for duty under paragraph 20.

The decision of the court below and of the Board of General Appraisers is therefore reversed.