UNITED STATES v. McKESSON, ROBBINS & CO.

SAME v. MERCK & CO.

(Circuit Court, S. D. New York.   May 13, 1909.)

Nos. 5,342, 5,370.

CUSTOMS DUTIES (§ 24*)—CLASSIFICATION—POWDERED OPIUM—"DRUG AD-
    VANCED IN VALUE OR CONDITION."
    Powdered opium is a "drug advanced in value or condition," within the
    meaning of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 20, 30
    Stat. 152 (U. S. Comp. St. 1901, p. 1628), rather than opium crude or
    unmanufactured, under paragraph 43, 30 Stat. 153 (U. S. Comp. St. 1901,
    p. 1629).
    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 24.*]

On Application for Review of Decisions by the Board of United
States General Appraisers.

The Board of Appraisers held that powdered opium imported at
the port of New York had been improperly classified by the collector
of customs at that port as opium crude or unmanufactured, under
Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 43, 30 Stat. 153
(U. S. Comp. St. 1901, p. 1629), and sustained the importers' con-
tention that the article should have been classified as a drug advanced
in value or condition under paragraph 20, 30 Stat. 152 (U. S. Comp
St. 1901, p. 1628).

D. Frank Lloyd, Asst. U. S. Atty.

Hatch & Clute (Walter F. Welch, of counsel), for McKesson &
Robbins.

Comstock & Washburn (Albert H. Washburn, of counsel), for
Merck & Co.

PLATT, District Judge.   I agree with the Board of General Ap-
praisers that the evidence in these cases does not differentiate the
merchandise involved from that passed upon in Merck v. U. S., 151
Fed. 14, 80 C. C. A. 510.

Decisions affirmed.